UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RIVERA BURGOS, Plaintiff, vs. JO ANNE B. BARNHART, Commissioner of Social Security Administration, Defendant. | CASE NO. ED CV 04-01420 (RZ) MEMORANDUM OPINION AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for supplemental security income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

///

///

///

I.

Plaintiff's first of two arguments challenging the denial of disability benefits is that the Administrative Law Judge chose to proceed with the duly-noticed hearing in Plaintiff's absence. Noting that "[w]e have a complete medical file and [Plaintiff] has completed the various E exhibits on daily activity questionnaires and had [other] witnesses do that. So, at this time I declare him a non-essential witness to these proceedings." [AR 317] Plaintiff asserts here that, although he "failed to attend the hearing" – a failure that remains oddly unexplained – "the issue of pain and fatigue . . . must be further developed," such as by permitting him to respond to written interrogatories. But Plaintiff's attorney did not object either to proceeding in Plaintiff's absence or to the judge's stated rationale therefor. [AR 317-18] Plaintiff has proffered nothing he now wishes to add to, or alter, the subjective complaints already reflected in the record, and he does not state how the medical records otherwise may be insufficient. Perhaps more significantly, Plaintiff neither (1) cites any authority whereby the Administrative Law Judge's decision to proceed constituted legal error nor (2) asserts that substantial evidence does not support the underlying decision.

II.

Plaintiff's second and final argument is that the Administrative Law Judge, in finding the Plaintiff's assertions of totally disabling impairments "not entirely credible," "failed to . . . specify what testimony was credible and what testimony was not credible." Pl.'s Br. at 3. The argument borders on frivolity. Plaintiff's statements were that his back pain "bother[ed]" him and that, because of the pain and sleep apnea, a heart condition and diabetes, he could not work. [*See* AR 121] The Administrative Law Judge first stated generally that the medical findings of record did not show any basis for such claims of complete inability to work [AR 21], but she did not stop there. She continued with reasonably detailed summaries of opinions, medical-expert testimony, all of which provide substantial evidence supporting a finding that Plaintiff's complaints as to the severity of

his objective and subjective impairments – back pain, apnea, diabetes and heart ailments – were not fully credible and that he remained capable of performing certain kinds of light work. [AR 21-22]

III.

The Administrative Law Judge did not err, and her decision was backed by substantial evidence. Accordingly, this Court affirms that decision.

IT IS SO ORDERED.

DATED: February 28, 2006

*/s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE