UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOMINGO TORRES BELLO, | ) | No.  EDCV 04-1560-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On December 28, 2004, Domingo Torres Bello ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for Social Security Disability and Supplemental Security Income benefits. On January 25, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on August 1, 2005, defendant filed an Answer to Complaint. On October 6, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On October 16, 2003, plaintiff filed an application for disability insurance benefits. (AR at 108-10). Plaintiff alleged that beginning on October 3, 2002, he was unable to work because he suffered from elbow, neck, and back problems. (AR at 11, 114). The Commissioner denied plaintiff's applications for benefits, initially and upon review. (AR at 71-76, 83-86).

On or about February 7, 2004, plaintiff requested a hearing before an ALJ. (AR at 87). On August 19, 2004, the ALJ conducted a hearing in Palm Springs, California. (AR at 25-70). Plaintiff appeared at the hearing with his counsel and testified. (AR at 29-50). Joseph King, M.D., a medical expert, and Andrea Fioretti, a vocational expert, also testified. (AR at 50-60, 60-69). An interpreter was also present. (AR at 25).

On September 16, 2004, the ALJ issued his decision denying benefits. (AR at 11-16). In his decision, the ALJ concluded that plaintiff's elbow, neck, and back impairments constituted severe impairments. (AR at 13). According to the ALJ, however, none of these impairments met or equaled any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ determined that plaintiff retained the residual functional capacity to perform a full range of light work with mild manipulative and postural limitations, a need to change positions occasionally, and a need to avoid hazardous conditions and vibration. (AR at 14). The ALJ further determined that plaintiff's past relevant work was medium to heavy work and he could not perform such work within the range of his residual functional capacity. (Id.). Ultimately, the ALJ found that plaintiff was not disabled

pursuant to the Social Security Act because even given plaintiff's specific limitations, there was a significant number of jobs in the national economy to which plaintiff could adjust. (AR at 15).

On October 12, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 7). The Appeals Council affirmed the ALJ's decision. (AR at 4-6).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to properly evaluate the treating physician's opinion.

2. The ALJ failed to properly evaluate plaintiff's pain testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible

of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Bowen, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. (Id. at 140-41). Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. (Bowen, 482 U.S. at 141). If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. (Id.). If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. (Id.). If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. (Id. at 142). The claimant is entitled to disability benefits only if he is not able to perform such work. (Id.).
///

**B.   Rejection of Plaintiff's Pain Testimony**

Plaintiff objects to the ALJ's determination that plaintiff lacked credibility regarding his alleged functional limitations. In his decision, the ALJ cited to plaintiff's inconsistent statements regarding his failure to exercise, the treating orthopedic surgeon's assessment of plaintiff's pain, his personal observations of plaintiff at the hearing, plaintiff's ability to perform his daily activities, and his erratic and limited work history. (AR at 13-14).

At the hearing, plaintiff testified regarding his pain and functional limitations. First, plaintiff complained of pain "all the way down to my hip" and in his neck. (AR at 36). He further complained that he constantly experienced pain in his back and left elbow, and that both of his legs got numb and chilled. (AR at 36, 43). Finally, plaintiff testified that he could sit for one hour and stand for one and a half to two hours, but spent most of the day alternating between positions (AR at 37, 41-42).

An ALJ need not believe every allegation of disabling pain. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted).

///

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). See also Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

As discussed below, the ALJ's reasons for rejecting plaintiff's credibility do not withstand scrutiny.

**1.   Inconsistent Statements**

One of the reasons the ALJ gave for rejecting plaintiff's credibility was that plaintiff made inconsistent statements regarding his failure to do exercises. (AR at 13). Internal conflicts in a claimant's statements or testimony support a finding that the claimant lacks credibility. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing claimant's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony).

Here, the ALJ rejected plaintiff's credibility, in part, based on the purported contradiction between his testimony at the hearing and his medical records. (AR at 13). In his decision, the ALJ wrote, "[P]laintiff said that he was taking only medication and not

6

exercising because he had no machine, but when he was told he did not need a machine to exercise, he said that he had not been taught any exercises, which is contradicted by medical reports that repeatedly indicated he was instructed in home exercise programs." (AR at 13). When questioned about his failure to do the home exercises, plaintiff responded, "Well, of course, they suggest." (AR at 39). The ALJ interpreted plaintiff's response as a poor reflection on his credibility.

At the hearing, plaintiff testified that he did not do exercises at home because he did not have a machine. (AR at 36, 39-40). Medical reports dated February 24, 2003, March 31, 2003, and April 28, 2003, however, show that plaintiff was taught home exercises. (AR at 183, 184, 190). But it is unclear from the record how often his physician told plaintiff to perform the exercises or if his physician issued any other directives regarding the home exercises. Although the ALJ characterizes plaintiff's response as evasive, the record does not support this finding. A review of the transcript from the hearing shows that the nature of the exchange between plaintiff and the ALJ was ambiguous. To the extent plaintiff was non-responsive, his "evasiveness" could have been attributed to language or comprehension problems. Moreover, aside from the brief exchange regarding the home exercises, the ALJ cites to no other inconsistent statements. Given the absence of substantial evidence of inconsistent statements, the ALJ's reliance on this single exchange was not a sufficiently clear

and convincing reason to reject plaintiff's credibility.[1]

### 2. Treating Physician's Assessment

The ALJ also rejected plaintiff's credibility due to the relatively mild pain assessment his treating orthopedic surgeon made. In his decision, the ALJ noted that Jay A. Vogel, M.D., considered plaintiff's pain as slight at rest and increasing to slight to moderate with heavy lifting and comparable activities.[2] (AR at 13).

Dr. Vogel evaluated plaintiff in the context of a worker's compensation claim. (AR at 158-70). The California Code of Regulations define "slight" in the context of pain as follows: "A slight pain could be tolerated, but would cause some handicap in the performance of the activity precipitating the pain." Cal. Code Reg. § 9727. The same regulations also define "moderate" in the context of pain as follows: "A moderate pain could be tolerated, but would cause marked handicap in the performance of the activity precipitating the pain." Id.

Here, plaintiff testified that he experienced pain in his hips and in his neck. (AR at 36). He also complained that he constantly experienced pain in his back and left elbow and that his legs got numb

---

[1] Plaintiff's physician also ordered him to continue with physical therapy and a chiropractic care program on an "every other day" basis for four to six weeks. (AR at 183, 190). Plaintiff appears to have followed this prescribed treatment. (AR at 159, 160).

[2] Dr. Vogel assessed plaintiff with frequent slight to moderate pain in his cervical spine increasing to moderate pain with rapid or repetitive motion and prolonged stationary posturing of the head and neck; frequent slight to moderate pain in his left elbow increasing to moderate with heavy lifting, pushing, and pulling; and intermittent slight pain in his lumbar spine increasing to moderate pain with repetitive bending, stooping, and lifting. (AR at 167).

and chilled. (AR at 36, 43). Plaintiff further testified that he spent most of the day in a reclined position to ease his pain. (AR at 42). Such complaints are not inconsistent with Dr. Vogel's assessment that plaintiff experienced pain ranging from that which can be tolerated up to pain that causes marked handicap. (AR at 167). Thus, the Court finds that the ALJ erred in rejecting plaintiff's credibility on the basis of Dr. Vogel's assessment.

### 3. Daily Activities

The ALJ determined that plaintiff's ability perform his activities of daily life, albeit on an irregular basis, rendered his claims of disability not credible. (AR at 13). Specifically, the ALJ noted that plaintiff accompanied his friends on a day-long hunting trip. (Id.).

In evaluating a claimant's credibility, an ALJ must consider the factors that Social Security Regulation 95-5p sets forth. Those factors include the claimant's daily activities and the adjudicator's personal observation of the claimant. See SSR 95-5p. "With respect to daily activities, this court has held that if a claimant 'is able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.'" Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (emphasis in original) (citing Morgan, 169 F.3d at 600); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). In Fair, however, the Ninth Circuit cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair, 885 F.2d at 603.

9

1      Here, plaintiff did not engage in any daily activities that
2 supported the ALJ's decision to reject plaintiff's credibility.  At
3 the hearing, plaintiff testified that he cooks occasionally for
4 himself, washes dishes, does some vacuuming, does laundry, and shops
5 for groceries with his wife. (AR at 48-49).  Plaintiff also testified
6 that he accompanied his friends on a day-long hunting trip but did not
7 hunt himself.  (AR at 49-50).

8      The activities that plaintiff admittedly engaged in are not
9 transferable to a work setting.  See Vertigan, 260 F.3d at 1049; see
10 also Morgan, 169 F.3d at 600; Fair, 885 F.2d at 603.  The Ninth
11 Circuit has found that activities, such as grocery shopping, driving
12 a car, or limited walking for exercise, do not "in any way detract
13 from [a claimant's] credibility as to [his] overall disability."
14 Vertigan, 260 F.3d at 1050; see also Howard v. Hecklar, 782 F.2d 1484,
15 1488 (9th Cir. 1986) (claim of pain-induced disability not gainsaid by
16 capacity to engage in periodic travel); Gallant v. Hecklar, 753 F.2d
17 1450, 1453 (9th Cir. 1984) (ordering award of benefits for constant
18 back and leg pain despite claimant's ability to cook meals and wash
19 dishes).  The Ninth Circuit has repeatedly stated that a claimant need
20 not be utterly incapacitated in order to be disabled.  See Fair, 885
21 F.2d at 603 ("The Social Security Act does not require that claimant
22 be utterly incapacitated to be eligible for benefits."); see also
23 Vertigan, 260 F.3d at 1050 ("One does not need to be utterly
24 incapacitated in order to be disabled.").

25      Thus, to the extent the ALJ found that plaintiff's testimony
26 regarding his functional limitations was not credible by virtue of his
27 daily routine, the ALJ failed to present clear and convincing reasons
28 to support his determination.

10

**4.   Plaintiff's Work History**

In rejecting plaintiff's credibility, the ALJ noted that plaintiff's work history has been erratic and limited, and that his potential disability income "compares quite favorably" to his prior monthly earnings.  (AR at 14).  The ALJ reasoned that such factors "would reasonably be expected to decrease [plaintiff's] motivation to seek and maintain regular, full-time employment."  (Id.).

Plaintiff reports that he has held the same job for the past fifteen years.  Between 1987 and his disability onset date of October 3, 2002, plaintiff worked "in the farm labor field" for nine hours per day and seven days a week. (AR at 114).  Plaintiff reported earning $6.75 per hour at this position.  (Id.).  Given the fact that plaintiff held the same job for the fifteen years prior to his disability, the ALJ erroneously characterized his work history as erratic and limited.  Rather, the record shows that plaintiff had a stable and lengthy work history in the agricultural industry.  While the ALJ may be correct that plaintiff's earnings at his former position would roughly equal his disability earnings, the ALJ gives no basis for reasoning that such similarity in disability income weakens plaintiff's credibility. Hence, the Court finds that the ALJ erred in rejecting plaintiff's credibility on the basis of his unsupported suspicions regarding plaintiff's motivation for filing his application.

**5.   Plaintiff's Appearance at the Hearing**

Finally, the ALJ cited plaintiff's appearance and behavior at the hearing in support of his rejection of plaintiff's claims of disabling limitations.  Specifically, the ALJ noted that plaintiff's "pain

11

behavior at the outset of the hearing was quite noticeable in terms of slow movements and shifting in his chair and that this behavior decreased during the course of the hearing to the point that he exited the hearing room at a normal pace with no indication of any pain behavior." (AR at 13).

"The Ninth Circuit has rejected any dispositive 'sit and squirm' evaluation where it causes the ALJ to deny benefits based on his observation of the plaintiff at the hearing, but where the plaintiff's complaints are supported by the objective evidence." Thayne v. Sullivan, 1992 WL 459569 at *10 (E.D. Cal. Sept. 25, 1992) (citing) Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985). Nevertheless, an ALJ's comments about a claimant's behavior at the hearing do not, in and of themselves, require reversal. See Verduzco v. Apfel, 188 F.3d 1087, 1190 (9th Cir. 1999) ("Although this Court has disapproved of so-called 'sit and squirm' jurisprudence, the 'inclusion of the ALJ's personal observations does not render the decision improper.'") (citations omitted). Indeed, an ALJ's observations, coupled with other supporting evidence, can actually support the ALJ's ultimate conclusions. See Thayne, 1992 WL 459569 at *10 ("[T]he ALJ's observations can be additive with other evidence.").

Here, although the ALJ cited several other reasons why he rejected plaintiff's credibility, none of the other reasons withstands scrutiny. As such, the ALJ's suspicions that plaintiff was malingering at the hearing are unsupported.

///

///

///

**C.      Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000).

Here, the Court finds remand appropriate. The reasons cited by the ALJ in support of his rejection of plaintiff's credibility are insufficient. On remand, the ALJ must provide clear and convincing reasons in support of his finding that plaintiff's allegations regarding his limitations are not fully credible.[3]

///
///
///

---

[3] Plaintiff has raised another claim of error in the ALJ's decision, namely, the ALJ's failure to properly consider the treating physician's opinion. As explained above, the ALJ's error in assessing plaintiff's credibility constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have to address plaintiff's remaining issues again. In any event, the ALJ should consider all of plaintiff's remaining arguments when determining the merits of plaintiff's case on remand.

13

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 2, 2006

                                                /s/
                                   JENNIFER T. LUM
                                   UNITED STATES MAGISTRATE JUDGE